UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA BOOKER,

    Petitioner,

v.

CLARICE STOVALL,

    Respondent.

                                   /

Case No. 07-cv-11684

HONORABLE STEPHEN J. MURPHY, III

**ORDER CONSTRUING BOOKER'S NOTICE OF
APPEAL** (docket no. 14) **AS A MOTION UNDER FED. R.
APP. P. 4(a)(5), AND CONDITIONALLY GRANTING MOTION**

On July 9, 2010, the Court entered an order and judgment in favor of the respondent on the petition for a writ of habeas corpus. *See* Memorandum Opinion & Order, Docket No. 12; Judgment, Docket No. 13. A Notice of Appeal was filed in this Court on September 9, well after the thirty-day deadline for filing notices of appeal with the district court. Fed. R. App. P. 4(a)(1)(A). Attached to the notice was a letter from a deputy prison warden, explaining that Booker's delayed filing was caused by a malfunction in the Women's Huron Valley Correctional Facility scheduling computer that caused her to miss a meeting with a legal writer for the purpose of drafting and filing the notice. Letter from K. Osterhout, Docket No. 14, at 2. The United States Court of Appeals for the Sixth Circuit asked Booker to show cause why her appeal should not be dismissed as late, and Booker did not respond. The Sixth Circuit has now remanded the case back to this Court for a determination of whether or not Booker's notice of appeal and attached letter can be treated as a motion under Fed. R. App. P. 4(a)(5) for an extension of time and, if appropriate, for a ruling on that motion. Order, Docket No. 17.

The Court finds that the letter attached to Stovall's notice of appeal should be considered a motion under Fed. R. App. P. 4(a)(5). Pro se litigants like Booker "enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). The deputy warden's letter explains why Booker had "good cause" to file her notice late. Fed. R. App. P. 4(a)(5)(A)(ii). While lacking the formal appearance of a motion prepared by a lawyer, Booker's filing evinces an intent to ask the Court for more time to file her notice of appeal. Because the Court is obliged to show leniency to Booker in the expression of her legal intentions, it is proper to consider her submission of the deputy warden's letter as a motion for extension of time to file a notice of appeal.

The Court will conditionally grant Booker's motion. A motion for extension of time is to be granted by the district court if (1) the party makes a motion to do so "no later than 30 days after the time prescribed by . . . Rule 4(a) expires," and (2) the party "shows excusable neglect or good cause" for the delay. Fed. R. App. P. 4(a)(5)(A)(i)–(ii). Booker appears to have satisfied the first requirement by placing her complaint in the prisoner mail system prior to September 8, 2010, the last date a motion for extension of time could be filed. Under the "prisoner mailbox rule," her actions would be considered timely. Fed. R. App. P. 4(c)(1). The Court will consider the evidence of timeliness to be sufficient, on the condition that Booker submit either a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the date of deposit and stating that first-class postage was prepaid, to definitively establish this date. Fed. R. App. P. 4(c)(1).

The Court also finds that Booker's motion satisfies the second requirement. A would-be appellant demonstrates good cause by showing that "forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*,

467 F.3d 525, 526 (6th Cir. 2006). Here, Booker's own diligent efforts to file the notice of appeal were scuttled by her prison's computer scheduling system. The prison has accepted complete responsibility for Booker's failure to file the notice timely. The Court considers these circumstances to be sufficiently good cause, and will accordingly grant Booker's motion on the condition that she file proper notice of the date

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Booker's motion to extend the time to file a notice of appeal (docket no. 14) is **CONDITIONALLY GRANTED**. Booker shall file with the Court, within thirty (30) days of entry of this Order, a declaration or notarized statement pursuant to Fed. R. App. P. 4(c)(1) setting forth the date on which she placed her notice of appeal and letter in the prisoner mail system.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager